ABRAMS ET, D. B. A. LAKE CITY SCRAP & SALVAGE COMPANY, PLAINTIFFS-APPELLANTS, *v.* DWORKIN ET, D. B. A. AUTO WRECKING & SALVAGE COMPANY, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Lake County.

No. 629. Decided January 6, 1960.

*Messrs. Fleck & Fleck,* for plaintiffs-appellants.

*Mr. Lester W. Donaldson,* and *Mr. I. R. Rosenblatt,* for defendants-appellees.

GRIFFITH, P. J. This is an appeal from a judgment of the Court of Common Pleas on questions of law in a replevin action.

The notice of appeal indicates appeal on "fact and law," but the proceeding has come into this court as a law appeal

32

only upon assigned errors and bill of exceptions and is in no wise heard by this court de novo.

The plaintiff leased a Koehring Cruiser Crane to one David S. Zipp, who at a later date sold the same with other equipment to the defendants.

Plaintiffs' Exhibit 1, designated as a rental contract, together with Plaintiffs' Exhibit C, and Defendants' Exhibits 1 and 2, together with the testimony of Howard Abrams, one of the plaintiffs, embraced on pages 44 and 45 of the bill of exceptions, is dispositive of this appeal.

This is an action in rem wherein the plaintiffs are seeking to take possession of the crane.

Section 1319.11, Revised Code, requires the recording of certain leases and conditional sales agreements, and the plaintiffs admit that they did not comply with the provisions of this section.

The trial court found that non-compliance with this section, coupled with the defendant being an innocent purchaser, was good grounds for the dismissal of the plaintiffs' petition for a writ of replevin.

Apart from the so-called rental agreement there is clear and convincing evidence that there was a sale of the crane in question, and the plaintiffs having taken no chattel mortgage, or other security, are relegated to their rights on the contract of sale.

The plaintiffs have mistaken the extra-ordinary writ of replevin for a suit in contract with its attendant right of attachment.

The judgment of the trial court is affirmed.

PHILLIPS and DONAHUE, JJ., concur.